*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOM ROTTA,

        Plaintiff-Appellant,

v

MASON COUNTY PROSECUTOR,

        Defendant-Appellee.

UNPUBLISHED
July 27, 2026
10:16 AM

No. 378249
Mason Circuit Court
LC No. 2025-000081-CZ

Before: ACKERMAN, P.J., and REDFORD and FEENEY, JJ.

REDFORD, J. (*concurring in part and dissenting in part*).

For the reasons set forth below, I respectfully concur in that part of the majority's opinion which affirms the trial court, and I dissent from those parts of the opinion which reverse and remand.

## I. BACKGROUND

As stated by the majority, this is a FOIA appeal related to events that took place on November 5, 2024. This was an election day in Michigan and throughout the nation. Certain events took place at a polling station in Mason County, and criminal charges were filed against Muzette Elizabeth O'Connell. O'Connell was charged with two counts of assaulting, resisting or obstructing a police officer, as well as three other counts related to election law violations. O'Connell is not a party to the FOIA litigation or this appeal.

A preliminary exam was held in the O'Connell case on March 19, 2025; and following the close of proofs of the prosecution's case-in-chief, the following exchange between the court and the prosecutor took place:

> *The Court*: What about the resisting/obstructing charges?
>
> *Mr. Marvin*: After reviewing that, I do not feel comfortable asking for those to be bound over.

After this, the two resisting and opposing charges were dismissed, and the remaining three charges were bound over for trial.

The criminal trial of O'Connell took place on October 27, 2025, and she was acquitted of all remaining charges.

This appeal arises out of a FOIA request that was submitted by appellant on March 19, 2025, to the prosecutor's office, which stated:

> Under provisions of the Michigan Freedom of Information Act (MCL 15.231 et seq; MSA 4.1801 (1) et seq) I am requesting the right to inspect the following records or receive them electronically in .pdf format or on CD for recordings:
>
> Earlier this afternoon, Prosecutor David Marvin stated in a pretrial hearing that the MCPA had reviewed the footage of the police response to an election day issue at Hamlin Town Hall and admitted that an arrested woman (Muzette Elizabeth O'Connell) had not actually committed the crime of R&O.
>
> Please provide the body cam footage of Deputies Mike Fort and Noah Noble retained and reviewed by the MCPA for the mid-day arrest of Muzette Elizabeth O'Connell on November 5, 2024, at Hamlin Town Hall and used for the purpose by the MCPA to decide charging two accounts of R&O back in November 2024.
>
> This is to be used for the passing of such information to the general public (media purposes) or corroborative research, and not for personal gain. If you need any clarifications of this request, please reply expediently to this E-mail address. If requested record(s) do not exist, please enumerate which ones do not, as per the Act. If you determine that some of the requested information is exempt from disclosure, please detail what is being withheld and cite the exemption under FOIA. If fees to comply with this request exceed $20, please contact me at this E-Mail address with those fees enumerated. As provided under FOIA, I would anticipate my request being filled within five working days of receipt of this letter.

On March 27, 2025, the prosecutor's office answered the FOIA request as follows:

> This case is active and video evidence will be needed at trial should the case not settle by plea agreement or other resolution. Specifically, evidence supporting the charge of MCL 168.934 (Election Law—Polling Place Violations) is captured on the video. Until the case is resolved, the FOIA request cannot be met.
>
> Once resolved—which could happen soon since there remain 2 misdemeanor charges—your FOIA demand will be honored subject to redaction of any individual's identity who is present as an elector. Unredacted disclosure could violate an individual's privacy rights whilst voting—whether seated with a ballot in hand or waiting in the queue to vote.

In anticipation of an impending resolution to the matter, we are preparing the video evidence to convey to you pursuant to a future, renewed request.

The current is request is currently denied for the reasons stated. Since there is no mechanism to keep this request on HOLD pending resolution of the case, please do not hesitate to follow-up after completion of the matter so we can best serve you.

Following this denial, appellant filed a lawsuit alleging violations of FOIA and *Brady v Maryland* as it relates to discovery in the O'Connell criminal matter.

Appellee filed a motion for summary disposition, and oral argument was heard on October 13, 2025. Between oral argument and the trial court rendering its opinion, the trial court reviewed in its entirety *in camera* the video evidence from the police body cameras obtained on November 5, 2024.

On October 28, 2025, the trial court issued an 8-page, single spaced opinion setting forth its analysis and conclusions.

The beginning of the trial court's opinion stated:

Neither the request nor the response is a good example of how the FOIA is intended to work. Plaintiff's request is poorly worded in that it appears to limit the scope of the request to records used in the prosecutor's deliberative process. Defendant might have initially responded to this request by stating that no such records exist because the decision to charge was not based on a viewing of any video. Instead, because the request was "sufficiently descriptive to allow the record to be found" *Thomas v City of New Baltimore*, 254 Mich App 196, 203; 657 NW2d 530, 535 (2002), Defendant's response denied the request by invoking an exemption. This response shows that Defendant knew what Plaintiff was looking for and Defendant's belated argument that Plaintiff requested documents that did not exist is rejected.

Defendant's response was also deficient in that the response does not expressly notify the requesting party that an exemption is being asserted by reference to the statute or statutory language of the exemption asserted. It was not until Defendant filed an answer to Plaintiff's complaint that Defendant actually identified the law enforcement exemptions set forth in MCL 15.243(1)(b)(i).

In its findings and conclusion, the court stated:

Based on its own review of the public record the Court finds:

1. Types of Public Record. The public record is comprised of 3 separate recordings.

- Officer Mike Fort approximately 33 minutes. (Video 1)

- Officer Noah Noble approximately 30 minutes. (Video 2)

- Officer Noah Noble approximately 1 minute. (Video 3)

Video 1 and Video 2 both depict officers Fort and Noble arriving at the crime scene and both begin with interviews of witnesses at the scene. The videos continue with the arrest of the suspect and her eventual transport to the jail for booking. Video 1 and Video 2 depict the same events when the officers are together, but diverge when the officers separate for a period of time. During this time Video 1 contains information regarding conversations between Officer Fort and other officers regarding crime scene processing and Video 2 contains Officer Noble's in custody conversation with the suspect. Video 3 is a short recording from Officer Noble when he returns to ask the suspect a follow up question.

2. Categories Within the Records. The public record contains the following categories of information: (a) interviews with witnesses, (b) in custody statements and conversations between the suspect and law enforcement; and (c) statements of law enforcement regarding crime scene processing.

a. Interviews with Witnesses. Disclosure of recorded witness, if released publicly, can influence other witnesses and reveal the prosecution's evidentiary strategy. They may also expose witnesses to pre-trial public scrutiny or harassment.

b. In Custody Statements of the Defendant. Disclosure at this stage of "in custody" statements made by the suspect during conversations with law enforcement might materially interfere with the ability of both the prosecution and defense to receive a fair trial. Public release to the media could prejudice the jury pool or influence witness testimony, and complicate evidentiary rulings at trial.

c. Statements of Law Enforcement Regarding Crime Scene Processing. The *in-camera* review further revealed a segment of the recording consisting of officer conversations regarding how to handle the defendant's vehicle and related evidence. Although this portion does not contain statements by the suspect or witnesses, it reflects investigative and evidentiary decision-making—including the sequence of securing the scene, preserving potential evidence, and allocating law enforcement resources. Disclose of these conversations at this stage would reveal aspects of the investigation that are reasonably likely to be the subject of evidentiary motions and could compromise the integrity of trial preparation.

3. Non-Exempt Materials. To the extent there are any non-exempt portions of the videos, they are embedded between exempt segments in a manner that makes redaction impractical if not impossible. Under *Evening News*, where exempt and non-exempt information are inextricably intertwined, full withholding is permissible.

4. Futility of Further Particularization. Although the Defendant never fully complied with its obligation to particularize the reliance on the law enforcement

exemption, the Court has itself reviewed the evidence *in camera* and basically did this work on its own. The Court's statements constitute the Court's effort to sufficiently particularize its reasons for concluding that the law enforcement exemption applies. Requiring Defendant to repeat this exercise is unnecessary.

Although the Court concludes that the law enforcement exemption under MCL 15.243(1)(b)(i) applies and that the requested recordings are properly withheld from disclosure, the Defendant failed to comply with the procedural requirements of the FOIA. The initial denial contained no statutory citations, did not provide a particularized justification for the claimed exemption, and failed to advise the requester of the right to appeal. These omissions constitute a violation of the Act, regardless of whether the underlying exemption is ultimately sustained. As stated in *Local Area Watch v City of Grand Rapids*, 262 Mich App 136, 149 (2004), however, the test as to when a party can be considered to "prevail" is whether "(1) the action was reasonably necessary to compel the disclosure; and (2) the action had the substantial causative effect on the delivery of the information to the plaintiff." Since this complaint did not result in the disclosure of the record or information to Plaintiff, he cannot be said to have prevailed in this action.

Plaintiff also asks that the Court order Defendant to pay, to the general fund of the state treasury, $1,000.00 as punitive damages for Defendant's violation of the FOIA. MCL 15.240(7) states:

> If the court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall order the public body to pay a civil fine of $1,000.00, which shall be deposited into the general fund of the state treasury. The court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $1,000.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

The Court finds that Defendant's failure to include notice to Plaintiff of the right to seek judicial review, as required by MCL 15.235(4), constitutes a violation of the FOIA and the Defendant is admonished to take notice of this in the future. However, under MCL 15.240(7), civil penalties are available only where a public body arbitrarily and capriciously refuses or delays disclosure of a public record.[2] The Court declines to impose a penalty for the Defendant's procedural missteps where the denial itself was substantively appropriate under statutory exemptions and there is no evidence of bad faith. *See e.g. Local Area Watch*. Also, the Plaintiff was not delayed in pursuing judicial review, which eliminated any prejudice caused by the deficient notice. Accordingly, while Defendant's procedural lapse is noted, it does not warrant the imposition of a civil fine, damages, or attorney fees.

---

[2] This case is distinguishable from *Meredith Corp v City of Flint*, 256 Mich. App. 703; 671 N.W.2d 101 (2003). In that case, the public body refused to release a 911 recording relying on the law enforcement exception even though both the prosecutor and the defendant had signed affidavits stating that they did not oppose disclosure. Here, there is no suggestion that either party to the underlying criminal case consents to the disclosure. Indeed, since the subject of the video tape in question is represented by an attorney who is already in possession of the video tape, and there is no protective order preventing the defendant or her attorney from disseminating that video to Plaintiff or the public at large, it is appropriate to assume that disclosure is opposed by both parties to that criminal proceeding.

---

The instant appeal followed.

## II. ANALYSIS

It is clear from the well-reasoned opinion of the trial court that the material sought by plaintiff fell squarely within the MCL 15.243(1)(b)(*i*) exemption from disclosure. The FOIA request was submitted on the date of the preliminary examination and referenced statements made by the prosecuting attorney regarding pending criminal proceedings. The prosecutor office's response identified the statute and crime for which charges would be sought and specifically stated that the body camera footage provided evidence related to that. This level of detail provides the "particularized justification" necessary for the law enforcement exception to apply. *Evening News Ass'n v Troy*, 417 Mich 481, 493; 339 NW2d 421 (1983). The prosecutor's office explained that it could not release the information because it was evidence needed at trial in a criminal proceeding and, therefore, it was unable to release it prior to resolution. To require more, as the majority seems to do here, elevates form over substance and ignores the timing and circumstances in which the request was made.

The trial court recognized this as well, concluding that:

> Disclosure of these conversations at this stage would reveal aspects of the investigation that are reasonably likely to be the subject of evidentiary motions and could compromise the integrity of trial preparation.

> \* \* \*

> To the extent there are any non-exempt portions of the videos, they are embedded between exempt segments in a manner that makes redaction impractical if not impossible. Under *Evening News*, where exempt and non-exempt information are inextricably intertwined, full withholding is permissible.

These conclusions were clearly correct both as a matter of fact and as a matter of law. As a result, the result reached by the trial court was likewise correct.

I would affirm all aspects of the trial court's decisions in this matter.

/s/ James Robert Redford